**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**(White Plains)**

| | |
|---|---|
| ROY YACCINO,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT HOSPITALITY LLC d/b/a HEI HOTELS & RESORTS, *et al.*,<br><br>Defendants. | Civil Action No.: 7:23-cv-10275 |

**ANSWER TO COMPLAINT**

NOW COME Defendants, MERRITT HOSPITALITY LLC d/b/a HEI HOTELS & RESORTS ("Merritt"), and WILLIAM RIVERA ("Rivera") (collectively, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, and for their Answer to Complaint, state as follows:

**NATURE OF THE CASE**

**COMPLAINT ¶1:**

> **Knowing I was a Veteran, they fired me the day before Veterans Day, which made me feel so humiliated. Every Year, I would honor the Vets past and present. I feel very depressed this year. I feel this Company has no respect for our Vets.**

Mr. Yaccino wrote these thoughts down after he was wrongfully fired by Defendants. After proudly serving his Country, Mr. Yaccino moved on to serve the public as an EMT for over fifteen (15) years, and then worked as a security guard for Defendants for the last twenty (20) years, where he intended to finish his dedicated career.

**ANSWER:**

Defendants are without sufficient information to admit or deny Plaintiff's allegations regarding Plaintiff's "feelings," "where he intended to finish his dedicated career," whether he would "honor the Vets past and present," and whether Plaintiff "proudly serv[ed] his Country" or

"serve[d] the public as an EMT for over fifteen (15) years," and therefore deny these allegations contained in Paragraph 1 of the Complaint. Defendants deny Plaintiff's allegation that "[Merritt] has no respect for our Vets." Defendants admit that Plaintiff was employed by Merritt from October 12, 2012 to November 10, 2022 at the Westchester Marriott. Defendants further admit that November 11, 2022 was Veterans Day. Defendants deny the remaining allegations contained in Paragraph 1 of the Complaint.

**COMPLAINT ¶2:**

Yet despite decades of service without a single complaint about his performance, Plaintiff was kicked to the curb and fired the day before Veterans Day at 73 years old and was replaced with an individual decades younger.

**ANSWER:**

Defendants admit that Plaintiff's employment was terminated on November 10, 2022, but deny that Defendants "replaced [him] with an individual decades younger." Defendants further admit that November 11, 2022 was Veterans Day. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint, including that it discriminated against Plaintiff in any way.

**COMPLAINT ¶3:**

Defendant ironically boasts an "HEI Loves" campaign on its website, where it claims to "love," "invest in," and "develop" employees. However, its discriminatory actions toward Plaintiff prove this is nothing more than lip service:

> **Recognizing that our success starts and ends with our associates under our pioneering culture of "HEI Loves," we invest in and develop the most passionate and talented people in our industry. We believe that love should cover everything we do, and that's especially true when it comes to recognizing, celebrating and showing our love for our associates.**[1]

[1] HEI also claims, "Love is built upon recognizing that our success starts and ends with our associates. That's why we're committed to treating our associates with the highest levels of respect, trust and integrity, and we're committed to reinvesting our results back into them." "How do we reinvest the results we achieve together back

**ANSWER:**

Merritt admits that it maintains a website page at https://www.heihotels.com/hei-loves/ to which Plaintiff appears to reference which speaks for itself. Merritt denies that it "ironically boasts" anything. Defendants deny that they engaged in any "discriminatory actions toward Plaintiff" or anyone else, and deny the remaining allegations contained in Paragraph 3 of the Complaint.

**COMPLAINT ¶4:**

Shortly after HEI's recent purchase of the Hotel from Marriot, and in a feeble attempt to justify their discriminatory actions and the pretextual termination, Defendants claimed it was "misconduct" when Mr. Yaccino stayed close to the young women who worked the front desk during overnight shift to ensure her safety, as he was instructed to do by the Hotel's General Manager.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

These deplorable actions are opposite of "love," "celebration," and "investment" towards employees.

**ANSWER:**

Defendants deny that they engaged in any "deplorable actions," and deny the remaining allegations contained in Paragraph 5 of the Complaint.

**COMPLAINT ¶6:**

Plaintiff did not deserve such treatment. He was an energetic, devoted, and model employee, who never received any disciplinary action during his approximately twenty (20) years of work at this Marriott hotel location, and had no intention of retiring any time soon.

---

into our teams? By listening to their feedback and by walking the walk, so to speak, in all of the areas that matter most to their careers." https://www.heihotels.com/hei-loves/.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny that Plaintiff had "no intention of retiring any time soon." Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Sadly, his devotion was unrequited. Instead, his career was derailed as Defendants targeted Mr. Yaccino due to his age and recent bout with Covid-19.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Tellingly, shortly after their recent acquisition of the Marriot Hotel, Defendants began to implement a scheme of discrimination on account of Plaintiff's age and disability, which culminated in the wrongful termination of Plaintiff's employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

While the horrific, egregious conduct set forth below has no place in society, it was also unlawful.

**ANSWER:**

Defendants deny that they engaged in any unlawful conduct, and deny the allegations contained in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

This is an action seeking remedies for, among other things, egregious age and disability discrimination, failure to engage in the interactive process, and retaliation resulting in wrongful termination of Plaintiff's. Plaintiff complains pursuant to New York State Human Rights Law, New York State Executive Law § 290 *et seq.* ("NYSHRL").

**ANSWER:**

Defendants admit that Plaintiff purports to bring this action under the New York State Human Rights Law, New York State Executive Law § 290 *et seq.*, but deny that they violated any law and that Plaintiff is entitled to any relief. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

**PARTIES**

**COMPLAINT ¶11:**

Plaintiff is an individual who, at all relevant times, resides in the County of Westchester, State of New York.

**ANSWER:**

Defendants admit that Plaintiff is an individual, but are without sufficient information to admit or deny, and therefore deny the remaining allegations contained in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Upon information and belief, MERRITT HOSPITALITY LLC dba HEI HOTELS & RESORTS is a foreign limited liability corporation, authorized to conduct business in the State of New York and maintains a principal place of business at 101 Merritt 7 Corporate Park, 1st Floor, Norwalk, Connecticut 06851.

**ANSWER:**

Defendants admit that Merritt is a limited liability company organized under the laws of Delaware with a principal place of business in the State of Connecticut, at 101 Merritt 7 Corporate Park, 1st Floor, Norwalk, Connecticut 06851. Defendants further admit that Merritt is authorized to conduct business in the State of New York.

**COMPLAINT ¶13:**

Upon information and belief, at all times relevant HEI owed, operated, maintained, supervised, controlled, monitored and/or leased the hotel located at 670 White Plains Road, Tarrytown, New York 10591, which is known as the Westchester Marriott (the "Hotel" or

"Westchester Marriott"). Upon information and belief, and at all relevant times, HEI was also doing business as Westchester Marriott.

**ANSWER:**

Defendants admit that Merritt operates the hotel located at 670 White Plains Road, Tarrytown, New York 10591, which is known as the Westchester Marriott. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Upon information and belief, WILLIAM RIVERA ("Rivera") is an individual who, at all relevant times, was and is a resident of the State of New York and was Plaintiff's supervisor and is the Director of Engineering and Security at the Hotel.

**ANSWER:**

Defendants admit that Rivera is an individual who formerly resided in New York, but denies that he "is a resident of the State of New York." Defendants admit that Rivera was formerly employed by Merritt as "the Director of Engineering and Security at the Hotel," but deny that he is currently so employed. Defendants deny that Rivera was Plaintiff's supervisor.

**COMPLAINT ¶15:**

At all relevant times, Plaintiff was an "Employee" of Defendants including, but not limited to, the definition of the term under the NYSHRL.

**ANSWER:**

The allegations contained in Paragraph 15 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

At all relevant times, Defendants were an "Employer" of Plaintiff as defined under the NYSHRL.

**ANSWER:**

The allegations contained in Paragraph 16 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 16 of the Complaint.

## MATERIAL FACTS

**COMPLAINT ¶17:**

Plaintiff is 74 years old and began his employment working at the Westchester Marriott in or around October 22, 2012.

**ANSWER:**

Defendants admit that Plaintiff was employed by Merritt at the Westchester Marriott from October 12, 2012 to November 10, 2022. Defendants further admit that Plaintiff is currently 74 years old and was approximately the same age when he was hired by Merritt

**COMPLAINT ¶18:**

At the time of the wrongful termination of his employment, Plaintiff worked for Defendants as a security guard on the over-night shift, generally from 11:30 p.m. to 7:30 a.m.

**ANSWER:**

Defendants admit that Plaintiff's employment with Merritt was terminated but deny that it was wrongful. Defendants further admit that Plaintiff was employed by Merritt as a Security Officer, and that he worked on average two nights per week, from approximately 11:00 p.m. to 7:30 a.m. Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

At all times, Plaintiff was a dedicated employee and worked diligently to ensure the safety of hotel guests and employees alike.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

At all times relevant, Plaintiff was able to perform and did satisfactorily perform his job duties. Plaintiff was never written up or disciplined throughout his tenure, and never received a negative performance evaluation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Plaintiff received regular praise from supervisors, co-workers [sic] and enjoyed and took pride in his work.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny whether Plaintiff "enjoyed and took pride in his work." Defendants deny the remaining allegations contained in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

However, unknown to Plaintiff at the time, his career would soon be derailed at the age of 73 by the discriminatory acts of Defendants.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

In or about March 2022, upon information and belief, Westchester Marriott was acquired by HEI and Taconic from Ares Commercial Real Estate Corporation ("ACRE").

**ANSWER:**

Defendants deny the allegations contained in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

Plaintiff, as a model employee, was provided the option to continue working at the Hotel after the acquisition and was told after three months, he would become an employee of HEI, which he did.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 24 of the Complaint.

**COMPLAINT ¶25:**

Shortly thereafter, however, Plaintiff was targeted in a clear discriminatory scheme at the hands of Defendants.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 25 of the Complaint.

**COMPLAINT ¶26:**

On or about late October to early November 2022, Plaintiff became ill, and was forced to take protected leave due to contracting Covid-19.

**ANSWER:**

The allegations contained in Paragraph 26 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 26 of the Complaint.

**COMPLAINT ¶27:**

When he notified his supervisor and the Hotel, Plaintiff was met with an attitude wrought with irritation opposed to understanding.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Plaintiff returned to work upon feeling better after his bout with Covid-19, and continued to perform his job duties without issue, as he always had.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny whether Plaintiff was "feeling better after his bout with Covid-19." Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

Previously, Terry McAneney ("McAneney"), the General Manager of the Westchester Marriott and Plaintiff's supervisor, directed Plaintiff to remain in the lobby during his night shifts, and even on his breaks, to stay close in proximity to the front desk.

**ANSWER:**

Defendants admit that Terry McAneney was previously the General Manager of the Westchester Marriott, but deny the remaining allegations contained in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

McAneney expected Plaintiff to be visible and accessible to night shift employees, including the young female front desk manager, to assure safety and security while working the front of the Hotel overnights. This was to ensure employees' safety and security throughout the evening and early morning hours.

**ANSWER:**

Defendants admit that as a Security Officer, Plaintiff was required "to be visible and accessible to night shift employees," and "to ensure employees' safety and security," among other duties and responsibilities. Defendants deny the remaining allegations contained in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

As such, as instructed, Plaintiff stationed himself near the front desk overnights. Toward this end, he would sometimes sit in an opened office in very close proximity to the front desk, which was known to Defendants.

**ANSWER:**

Defendants admit that Plaintiff would "sit in an opened office" during his shift, but deny that he was "instructed" to do so or that this office was "in very close proximity to the front desk," and deny the remaining allegations contained in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Plaintiff was never given any impression, advised, or instructed he was not permitted to enter or sit in this office during his overnight shift. In fact, there were no areas on the Hotel's premises which were off limits to the Plaintiff, and other employees entered this office without reprimand.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

In light of these explicit directives, Plaintiff stayed near the front desk, as instructed, which sometimes included sitting in this office, with the exception of doing his "rounds" when he was required to patrol the Hotel.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

These rounds were comprised of patrolling five "zones" of the Hotel, an additional sixth zone was added to the night shift. Plaintiff, at all times, completed these rounds satisfactorily and Defendants never raised any issues in the performance of this aspect of his work.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

While these zones had scan codes to determine if the guards patrolled the correct areas, Plaintiff previously had difficulty getting his personal cell phone to read the scans and managers historically permitted him to patrol without scanning. Upon information and belief, it was Defendants custom and practice to not require security guards to scan the zones, and Defendants did not reprimand others for such conduct

**ANSWER:**

Defendants deny the allegations contained in Paragraph 35 of the Complaint.

**COMPLAINT ¶36:**

On or around November 8, 2022, shortly after his return from protected sick leave, Plaintiff was suddenly instructed to attend a meeting with a Human Resources representative Milicent Allen and Rivera, the Director of Engineering for Defendants.

**ANSWER:**

Defendants admit that on or about November 9, 2022, Plaintiff was requested to – and did – attend a meeting with Milicent Allen and Rivera. The remaining allegations contained in Paragraph 36 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 36 of the Complaint.

**COMPLAINT ¶37:**

Without warning, Defendants suspended Plaintiff under the pretext he was in the front "office for an extended period of time" on October 16, 18 and 19, 2022, during his night shift.

**ANSWER:**

Defendants admit that on November 9, 2022, Plaintiff was suspended pending further investigation because he was in the Director of Front Office's office without authorization for an extended period of time while on company time on October 16, 18, and 19, 2022. Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Plaintiff complained and made clear he was instructed to remain near the front desk and was never told he was not permitted to enter this particular office, which was very close to the front desk and from where he could do his job as directed. He also complained this conduct was discriminatory and he was 73 years old at the time.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Nevertheless, Plaintiff was suspended, which constituted an immediate adverse employment action.

**ANSWER:**

Defendants admit that on November 9, 2022, Plaintiff was suspended pending further investigation. The remaining allegations contained in Paragraph 39 of the Complaint are

conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 37 of the Complaint.

**COMPLAINT ¶40:**

He also received a written notice from Defendants which stated, "The hotel will conduct a thorough and prompt investigation regarding the above incidents."

**ANSWER:**

Defendants admit that on November 9, 2022, Plaintiff received a corrective action notice and state that the document speaks for itself.

**COMPLAINT ¶41:**

Plaintiff was shocked and appalled by the suspension, and reluctance of Westchester Marriot to consider his concerns.

**ANSWER:**

Defendants deny that they were "reluctant to consider his concerns." Defendants are without sufficient information to admit or deny, and therefore deny the remaining allegations contained in Paragraph 41 of the Complaint.

**COMPLAINT ¶42:**

On November 11, 2022, Veterans Day, without any further discussion, proper investigation or warning Plaintiff received a letter from Defendants informing him that his employment was wrongfully terminated the day before, November 10, 2022.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny that on November 11, 2022 Plaintiff "received a letter from Defendants." Defendants admit that on November 11, 2022 Merritt sent Plaintiff a letter that stated that Plaintiff's employment had been terminated effective November 10, 2022, and further state that the document speaks for itself. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

**COMPLAINT ¶43:**

Plaintiff did not receive any prior warning, discussion, write up, complaint or progressive discipline, which upon information and belief, was contrary to Defendants' policies and contrary to the treatment of other employees who were not 73 years of age.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

While Defendants terminated Plaintiff's employment under the pretext of alleged "misconduct," in reality the inferior terms and conditions of employment, adverse employment actions, and termination were motivated by a discriminatory and retaliatory animus emanating from Plaintiff's age and recent temporary disability and protected activities.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 44 of the Complaint.

**COMPLAINT ¶45:**

Upon information and belief, Defendants actions, policies and practices were disparately applied to Plaintiff and other employees who were not of Plaintiff's advanced age and/or did not request sick leave, were not subjected to similar treatment and adverse employment actions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 45 of the Complaint.

**COMPLAINT ¶46:**

Upon information and belief, Defendants had knowledge of, as well as video surveillance of the young woman at the front desk sitting in the same office for extended periods of time, but she did not face termination or even discipline.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 46 of the Complaint.

**COMPLAINT ¶47:**

Additionally, upon information and belief, other security guards and employees, would leave the premises while on the clock, and did not face termination of their employment or such inferior terms and conditions of employment which Plaintiff was subjected to, despite Defendants knowledge of such actions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 47 of the Complaint.

**COMPLAINT ¶48:**

As yet another example, upon information and belief, Defendants became aware an employee "Manny," was using a Hotel room, without paying for the room, to host encounters with a woman, and permitted the woman to utilize the Hotel for free, and his employment was not terminated.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 48 of the Complaint.

**COMPLAINT ¶49:**

Plaintiff, however, was fired two days after he faced discipline for doing his job and sitting near the front of the Hotel, despite the fact Defendants promised to conduct an investigation.

**ANSWER:**

Defendants admit that Plaintiff's employment was terminated and that Merritt did conduct a comprehensive investigation. Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Defendants' actions in confronting Mr. Yaccino with these allegations after-the-fact show he was targeted and subjected to heightened scrutiny in a calculated effort towards the pretextual termination of his employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

However, Defendants' egregious behavior and retaliatory effort did not stop there. After being discharged from his position as a loyal employee after decades of service to Marriott, Plaintiff, and for no wrongdoing on his part, applied for Unemployment Benefits with the New York State Department of Labor ("DOL") since he no longer had an income.

**ANSWER:**

Defendants admit that Plaintiff applied for Unemployment Benefits. Defendants are without sufficient information to admit or deny, and therefore deny that Plaintiff "no longer had an income." Defendants deny the remaining allegations contained in Paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

In further retaliation, and to add insult to injury, Defendants contested this filing with the DOL.

**ANSWER:**

Defendants admit that Merritt contested Plaintiff's application for Unemployment Benefits based on the same legitimate non-discriminatory reasons for which he was terminated. The remaining allegations contained in Paragraph 52 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 52 of the Complaint.

**COMPLAINT ¶53:**

Upon information and belief, Defendants intentionally withheld evidence and video footage during the hearing conducted by the government, in a calculated effort to justify the pretextual termination of his employment and further their retaliatory efforts to thwart his benefits.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 53 of the Complaint, including that it intentionally withheld any evidence or video footage.

**COMPLAINT ¶54:**

For example, and upon information and belief, Defendants were aware of other employees, who entered the subject office, remained there as frequently, or more frequently, than Plaintiff, such as the young woman who worked at the front desk, but were not terminated or even disciplined.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 54 of the Complaint.

**COMPLAINT ¶55:**

As another example, upon information and belief, Defendants were aware, or should have been aware, of video surveillance which would have showed Plaintiff exiting the subject office from a different door than which he entered, thus falsely portraying how long Plaintiff was allegedly in this room, in addition to surveillance of Plaintiff completing his patrols satisfactorily.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 55 of the Complaint, including that there was any video surveillance footage that demonstrate that Merritt's reasons for terminating Plaintiff's employment were false.

**COMPLAINT ¶56:**

As a result of these retaliatory efforts to thwart Plaintiff's livelihood, his rightful Unemployment Benefits were initially denied.

**ANSWER:**

Defendants admit that Plaintiff's application for Unemployment Benefits was initially and repeatedly denied. The remaining allegations contained in Paragraph 56 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the remaining allegations contained in Paragraph 56 of the Complaint.

**COMPLAINT ¶57:**

However, Plaintiff successfully appealed the decision given Defendants' egregious conduct. The New York Unemployment Insurance Appeal Board reversed the initial decision and held "the claimant was separated from his employment under non-disqualifying circumstances."

**ANSWER:**

Defendants admit that Plaintiff appealed the denial of his Unemployment Benefits to the Appeal Board, and that on October 2, 2023, the Appeal Board issued its decision reversing the decision of the Administrative Law Judge, and Defendants state that the document speaks for itself. Defendants deny the remaining allegations contained in Paragraph 57 of the Complaint.

**COMPLAINT ¶58:**

Tellingly, and no doubt a preface to the eventual wrongful termination of Plaintiff's employment, and upon information and belief, Defendants hired a much younger individual to replace Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 58 of the Complaint.

**COMPLAINT ¶59:**

In other words, instead to discussing the shifts in question with the Plaintiff, HEI and Westchester Marriott instead took the opportunity to target and terminate an employee of advanced age and bring in individuals much younger than Plaintiff.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 59 of the Complaint.

**COMPLAINT ¶60:**

Notably, Plaintiff had no intentions of retiring at this time. But for Defendants' egregious conduct of terminating his position as Security Officer and calculated scheme of forcing an older employee out of their position, Plaintiff would have continued working for several years.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny whether Plaintiff had the "intentions of retiring at this time." Defendants deny the remaining allegations contained in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

Defendants' actions were intended to, and did, force Plaintiff into early retirement as they no longer saw Plaintiff as an asset due to his age.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

As result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed, including the loss of confidence as a result of the sudden and unexpected derailment of his established career.

**ANSWER:**

Defendants are without sufficient information to admit or deny, and therefore deny the allegations contained in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a result of Defendants' discriminatory and retaliatory treatment of Plaintiff, he has suffered and continues to suffer severe emotional distress and physical ailments.

**ANSWER:**

Defendants deny that they engaged in "discriminatory and retaliatory treatment of Plaintiff." Defendants are without sufficient information to admit or deny, and therefore deny the allegation that Plaintiff "suffered and continues to suffer severe emotional distress and physical ailments" contained in Paragraph 63 of the Complaint.

**COMPLAINT ¶64:**

Indeed, immediately after receiving the notice of his unlawful termination from Defendants on Veterans Day, Plaintiff wrote a contemporaneous note demonstrating how Defendants' egregious, malicious, wilful, and wanton acts impacted him.

**ANSWER:**

Defendants admit that Plaintiff's employment was terminated with Merritt but deny that it was unlawful. Defendants are without sufficient information to admit or deny, and therefore deny the remaining allegations contained in Paragraph 64 of the Complaint.

**COMPLAINT ¶65:**

As a result of the acts and conduct complained herein, Plaintiff suffered and will continue to suffer the loss of income, the loss of bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 65 of the Complaint.

**AS A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**DISCRIMINATION IN VIOLATION**

**COMPLAINT ¶66:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein at length.

**ANSWER:**

Defendants restate and reallege their responses to Paragraphs 1 to 65 of the Complaint as if fully restated herein.

**COMPLAINT ¶67:**

New York State Executive Law § 296 provides: "It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status or status as a victim of domestic violence, of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." (emphasis added).

**ANSWER:**

The allegations contained in Paragraph 67 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

Defendants violated the section cited herein by creating and maintaining discriminatory working conditions, failing to engage in any interactive process with Plaintiff, and otherwise

discriminating and engaging in disparate treatment against Plaintiff because of his age and disability/perceived disability.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 68 of the Complaint.

**AS A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**RETALIATION UNDER THE NYSHRL**

**COMPLAINT ¶69:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

**ANSWER:**

Defendants restate and reallege their responses to Paragraphs 1 to 68 of the Complaint as if fully restated herein.

**COMPLAINT ¶70:**

New York State Executive Law § 296 (7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

**ANSWER:**

The allegations contained in Paragraph 70 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

By taking a short leave due to contracting Covid-19 and complaining about the unlawful practices of Defendants, Plaintiff engaged in protected activity.

**ANSWER:**

The allegations contained in Paragraph 71 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

In response to Plaintiff protected leave, Defendants subjected Plaintiff to adverse employment actions, which ultimately led to Plaintiff's wrongful termination.

**ANSWER:**

The allegations contained in Paragraph 72 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

Accordingly, Defendants engaged in unlawful retaliatory practices by retaliating against Plaintiff because of the opposition to the unlawful employment practices.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 73 of the Complaint.

**AS A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS**
**AIDING AND ABETTING DISCRIMINATION UNDER THE NYSHRL**

**COMPLAINT ¶74:**

Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint as if fully set forth herein at length.

**ANSWER:**

Defendants restate and reallege their responses to Paragraphs 1 to 73 of the Complaint as if fully restated herein.

**COMPLAINT ¶75:**

New York State Executive Law § 296(6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

**ANSWER:**

The allegations contained in Paragraph 75 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendants deny the allegations contained in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

Defendants participated in, condoned, encouraged and approved the conduct giving rise to the unlawful conduct alleged herein, including but not limited to, discrimination, harassment and retaliation.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

Defendants violated the section cited herein as set forth.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 77 of the Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests a judgment against Defendants as follows:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by the NYSHRL in that the Defendants harassed, discriminated, and retaliated against Plaintiff.

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, and interest, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff Punitive Damages;

E. Awarding Plaintiff all interest, attorneys fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Division may deem equitable, just and proper.

**ANSWER:**

The allegations contained in Plaintiff's Prayer for Relief are allegations to which no response is required. Insofar as an answer may be deemed necessary, Defendants deny Plaintiff is owed any monies and deny that Plaintiff is entitled to any damages, costs, or other relief.

Any other allegations set forth in the Complaint that have not heretofore been admitted or denied are hereby specifically and fully denied.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following Affirmative Defenses, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by it, and Defendants reserve their position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages. Defendants also specifically reserve the right to amend their Answer with additional affirmative defenses and/or counterclaims as additional investigation, discovery and circumstances may warrant.

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. If Plaintiff has sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and/or recoupment to offset all compensation, time off, benefits or other appropriate amounts against any judgment that may be entered against Defendants.

3. Any claims for punitive damages are barred because the alleged acts or omissions of Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff his protected rights and are not so wanton or willful as to support an award of punitive damages.

4. Plaintiff's claims are barred, in whole or in part, to the extent he failed to mitigate damages properly.

5. Defendants state that any actions taken against Plaintiff were taken for legitimate business reasons.

6. Merritt expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of any law as alleged in Plaintiff's Complaint; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment with Merritt and without the consent of Merritt. Merritt did not and does not authorize, condone, ratify, or tolerate violations of Ohio and/or federal law but instead prohibited and prohibits it, and any such conduct may not be attributed to Merritt through principles of agency, respondeat superior, or otherwise.

7. Plaintiff's claims are barred in whole or in part based on the after-acquired evidence doctrine.

8. Plaintiff's claims are barred in whole or in part because Plaintiff is/was not a qualified individual with a disability.

9. Plaintiff's claims are barred in whole or in part because Plaintiff did not engage in protected activity.

10. Plaintiff's claims are barred in whole or in part because any actions taken against Plaintiff were taken for legitimate non-discriminatory and non-retaliatory business reasons.

Dated: Washington, DC
December 21, 2023

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Samantha L. Brooks*
Samantha L. Brooks
sbrooks@seyfarth.com
Eric J. Janson (to be admitted *pro hac vice*)
ejanson@seyfarth.com
975 F Street, N.W.
Washington, DC 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393

Attorneys for Defendants
MERRITT HOSPITALITY LLC dba HEI HOTELS & RESORTS, and WILLIAM RIVERA

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2023, a true and correct copy of the foregoing Answer, was filed with the Clerk and served upon all counsel of record using the CM/ECF filing system, including:

Joseph Jeziorkowski
Valiant Law
303 Old Tarrytown Rd.
White Plains, NY 10603
jjj@valiantlaw.com

*/s/ Samantha L. Brooks*
Samantha L. Brooks
Attorney for Defendants